IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

TRADING TECHNOLOGIES          )
INTERNATIONAL, INC.,          )
                              )
            Plaintiff,        )
                              )
    v.                        )    No. 10 C 718
                              )
CQG, INC., et al.,            )
                              )
            Defendants.       )

                    MEMORANDUM ORDER

    CQG, Inc. and CQGT, LLC (collectively "CQG") have filed their Answer, Affirmative Defenses ("ADs") and Counterclaims in this patent infringement action brought against them by Trading Technologies International, Inc. ("Trading Technologies"). This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.

    For one thing, Answer ¶¶11, 20, 29 and 38 assert in part that each of the patents in suit "speaks for itself." As to that unfortunate and uninformative locution, App'x ¶3 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001) explains its unacceptability. And from a substantive point of view, there is really no way in which CQG can then employ the disclaimer set out in Fed. R. Civ. P. ("Rule") 8(b)(5) in those paragraphs, except for disclaiming the allegations there as to Trading Technologies being the <u>owner</u> of the several patents in suit. Accordingly each of those paragraphs of the Answer is stricken, but with leave granted to respond in an appropriate way

to the corresponding allegations of the Complaint on or before August 19, 2010.

To turn to the ADs, they exhibit several different flaws, particularly in light of the notice pleading concepts that underpin the Rules as to both plaintiffs and defendants. Here are the problems:

  1. Even apart from the inappropriateness of characterizing what is really a Rule 12(b)(6) motion as an AD (see the explanation of proper AD usage in App'x ¶5 to State Farm), AD ¶46 is simply dead wrong. When the Complaint's allegations are taken as true (as must be done when it comes to ADs), AD ¶46 must be rejected. It is stricken without leave to replead.

  2. AD ¶47's skeletal recitals of various legal doctrines are no more than boilerplate, giving no information to Trading Technologies' counsel or this Court as to just what is being asserted by CQG. It too is stricken, this time without prejudice to the potential assertion of one or more of the labels advanced there in conjunction with a fleshed-out set of informative allegations that satisfy notice pleading requirements.

  3. AD ¶48 is impermissibly at odds with the required acceptance of the Complaint's allegations as true. It is stricken without leave to replead (this costs CQG nothing,

2

for they have put noninfringement into play by the denial of the Complaint's infringement allegations).

    4. AD ¶¶49 through 53 are insufficiently informative from a notice pleading perspective. As with AD ¶47, they are stricken with leave to replead in an appropriate manner.

Finally, CQG's Counterclaims are defective in the same respects as the corresponding assertions in the present ADs. CQG's imprecise allegations in the Counterclaims do not satisfy the "plausibility" requirement of the <u>Twombly</u>-<u>Iqbal</u> dichotomy.

It would be awkward to call upon CQG's counsel to file an amendment to the present pleading to cure the flaws identified here, for that would require the reader to flip back and forth between the original and the amendment for a complete picture of the litigation. Accordingly the entire current responsive pleading is stricken, with leave granted to file a self-contained amended response on or before that August 19 date.

No charge is to be made to CQG by their counsel for the added work and expense incurred in correcting counsel's errors. CQG's counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: August 12, 2010