```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

TRADING TECHNOLOGIES          )
INTERNATIONAL, INC.,          )
                              )
            Plaintiff,        )
                              )
     v.                       )    No.  10 C 718
                              )
CQG, INC., et al.,            )
                              )
            Defendants.       )
```

MEMORANDUM ORDER

Trading Technologies International, Inc. ("TT") has filed its Answer to the First Amended Counterclaims advanced by CQG, Inc. and CQGT, LLC (collectively "CQG," treated for convenience as a singular noun). This memorandum order is occasioned by TT's repeated references to a brief memorandum order issued by this Court just a year ago in Performance Proxy Research, LLC v. Microsoft Corp., 09 C 6884, 2010 WL 4193272 (N.D. Ill. Jan. 11).

Those references give this Court too much credit by referring to "the Court's precedent" in that earlier case--this Court regularly points out, just as our Court of Appeals frequently (and properly) reminds us, that District Court opinions are nonprecedential. But one corollary of those reminders is that such opinions may have force to the extent that they strike a later court as persuasive, and this Court would be less than candid if it were to say that it was not persuaded by one of its own recent opinions that is totally on point.

In this instance the issue is just what (if anything) is

contributed to the corpus juris by a counterclaim in a patent case that serves as nothing more than the mirror image of the complaint, asserting patent invalidity where the complaint has alleged validity and noninfringement where the complaint has alleged infringement. In this instance CQG's pleading is particularly uninformative, for all it does is to line up sections or subsections of Title 35 and assert that the patents at issue run afoul of each of those provisions.

In <u>Performance Proxy</u> this Court, after stating its bemusement by the seemingly meaningless penchant of the patent bar to engage in the practice discussed here, gave the opportunity for the alleged infringer to explain the need for its counterclaim. Here, however, the amorphous nature of CQG's counterclaims calls for less solicitude--they appear to add nothing to the litigation that is not already before this Court pursuant to TT's Complaint and CQG's responsive pleading.

Accordingly the First Amended Counterclaims are stricken. That of course carries with it the striking of TT's Answer to those counterclaims, such an answer having been rendered superfluous.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 24, 2011